```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ANGELINA MONTOSA,                   :
                                    :
        Plaintiff,                  :    Civ. No. 16-6110(NLH)
                                    :
    v.                              :    OPINION
                                    :
LIEUTENANT ORLANDO NIEVEZ, et al.,  :
                                    :
        Defendants.                 :
_____ :

APPEARANCES:
Angelina Montosa
91 Blackwood Clementon Rd.
Apt. 103
Lindenwold, NJ 08021
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Angelina Montosa ("Plaintiff") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on her affidavit of indigence (ECF No. 1-2), the Court will grant her leave to proceed in forma pauperis. See 28 U.S.C. § 1915. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Orlando Nievez and various John and Jane Doe Officers. The following factual allegations

are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

In approximately October 2007, Plaintiff was on her way to the local convenience store when she was offered a ride by an unidentified man and woman. (Compl. ¶ III(C).) She accepted their offer but "they wined [sic] up at a 'drugset' so they locked everyone up." (Id.) An unidentified officer threw Plaintiff on the ground and kicked her repeatedly in the stomach. (Id.) Plaintiff had just given birth the day before so she was bleeding excessively. (Id.) The officers did not take Plaintiff to the hospital and once she arrived at Camden County Jail, they did not provide her with medical treatment. (Id. ¶ IV.) She also alleges that while she was at the jail, Lieutenant Orlando Nievez "came onto her." (Id.)

Plaintiff is seeking unspecified monetary damages. (Id.)

II. DISCUSSION

A. Legal Standard

1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

2

employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as indigent.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678).  Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

4

B. Analysis

Section 1983 claims are subject to New Jersey's two-year statute of limitations.  See Patyrak v. Apgar, 511 F. App'x 193, 195 (3d Cir.2013) (per curiam) (citing Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010)).  The date when a cause of action under § 1983 accrues is determined by federal law.  See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Genty v. Resolution Trust. Corp., 937 F.2d 899, 919 (3d Cir. 1991)).  "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." Id. (internal quotation marks and citations omitted).  "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury."  Id. (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)).

The acts giving rise to plaintiff's claims occurred in October 2007.  See Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (excessive force claims typically accrue on the date of the assault because the plaintiff would have reason to know of the injury at that point) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)); Hickox v. Cty. of Blair, 591 F. App'x 107, 110 (3d Cir. 2014) (per curiam) (denial of medical care claim accrues on the date

5

of injury). The two-year Section 1983 statute of limitations began to run in October 2007 and expired two years later in October 2009. Plaintiff's complaint was filed in September 2016, or approximately 7 years after the Section 1983 statute of limitations expired. As such, absent some basis for tolling, Plaintiff's claims for excessive force and denial of medical treatment[2] are barred by the statute of limitations.

With regard to tolling, "'[s]tate law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" McPherson v. United States, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting Dique, 603 F.3d at 185). New Jersey sets forth certain bases for "statutory tolling." See, e.g., N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J. STAT. ANN. § 2A:14-22 (detailing tolling because of non-residency of persons liable)....

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a

---

[2] In addition to being time-barred, Plaintiff's allegations regarding verbal harassment from Lieutenant Nievez also fail to state a claim under Section 1983. Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner. See Verbanik v. Harlow, 512 F. App'x 120, 123 (3d Cir. Jan. 28, 2013) (per curiam); Brown v. Deparlos, 492 F. App'x 211, 215 (3d Cir. 2012)

6

plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." Cason v. Arie Street Police Dep't, No. 10-0497, 2010 WL 2674399, at *5 n. 4 (D.N.J. June 29, 2010) (citing Freeman v. State, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002)).

It is apparent from the face of the Complaint that Plaintiff's claims are barred by the statute of limitations and must therefore be dismissed. See Ostuni, 532 F. App'x 111-12 ("Although the running of the statute of limitations is ordinarily an affirmative defense, where the defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim") (citing Fogle v. Peirson, 435 F.3d 1252, 1258 (10th Cir. 2006)); Hunterson v. Disabato, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("A district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run."). This dismissal will be without prejudice to the filing of an amended complaint (if Plaintiff elects to do so) within thirty days, in which Plaintiff may assert any facts that may demonstrate a basis for tolling the

7

applicable statute of limitations.

III. CONCLUSION

For foregoing reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3] An appropriate Order follows.

Dated: November 4, 2016           s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[3] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.